IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-CV-03187-MDH |
| BARRY MARTIN, | ) |
| Defendant. | ) |

# ORDER

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the Petition to Determine Present Mental Condition of an Imprisoned Person (Doc. 1) was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b). Defendant is currently serving a sentence of imprisonment for parole violation with a release date of November 6, 2024. He was previously sentenced in 1984 to 36 years imprisonment for burglary, rape, and robbery. He has been confined at the USMCFP since November 22, 2016.

The United States Magistrate Judge has completed his preliminary review of the Petition for Determination of Defendant's mental condition and has submitted a report and recommendation to the undersigned. (Doc. 11).

Defendant has filed exceptions to the report and recommendation of the Magistrate Judge in which he submits he does not suffer from a mental illness and that there is insufficient evidence that he suffers from a mental disease, the treatment for which he is in need of custody in a suitable facility. (Doc. 12 at 2).

After careful review of the record before the Court, the Court adopts the findings and recommendations of the United States Magistrate Judge at this time. The Risk Assessment Panel

1

concluded in a report dated April 25, 2019, that defendant suffers from schizophrenia (continuous) and antisocial personality disorder, lacks insight into his mental illness, has delusional beliefs, and is not capable of making competent decisions about treatment. (Doc. 1-2 at 12-13). They stated that Defendant's release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and recommended his commitment under Section 4245. *Id.* The Defendant's own independent psychological evaluator, Dr. Richart L. DeMier, Ph.D., concurred with the Panel's diagnosis of schizophrenia and recommendation that he meets the criteria for civil commitment under Section 4245. (Doc. 7 at 5-6).

Accordingly, the Court finds sufficient evidence of a mental disease and further finds by a preponderance of the evidence that commitment under the provisions of 18 U.S.C. § 4245 is appropriate until such time as Plaintiff can secure state placement for Defendant to be placed on conditional release.

It is **THEREFORE ORDERED** that defendant's exceptions filed herein (Doc. 12) are considered and **OVERRULED.**

It is **FURTHER ORDERED** that the report and recommendation of the United States Magistrate Judge (Doc. 11) are **ADOPTED.**

It is **FURTHER ORDERED** that defendant be, and is hereby, committed under the provisions of 18 U.S.C. § 4245 to the custody of the Attorney General for hospitalization and treatment in a suitable facility until he is no longer in need of such care or treatment in such a facility or until the expiration of his sentence of imprisonment, whichever occurs sooner.

**IT IS SO ORDERED.**

DATED: September 17, 2018

                                                  /s/ Douglas Harpool
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**